Foster, P. J.
Appeal by employer and its insurance carrier from an award and decison of the Workmen’s Compensation Board which denied an application for reimbursement to an employer for a portion of wages paid to an employee during a period of.disability resulting from accidental injuries.
There is no dispute as to the facts. Wages were paid to an injured employee during a part of his disability. Reimbursement was denied by the Workmen’s Compensation Board upon the theory that a claim therefor was not filed before the award of compensation was made. This decision may appear inequitable but it is claimed on behalf of the board that it was made under the mandatory language of section 25 of the Workmen’s Compensation Law. This section provides in part: “ If the employer has made advance payments of compensation, or has made payments to an employee in like manner as wages during any period of disability, he shall be entitled to be reimbursed out of an unpaid instalment or instalments of compensation due, provided his claim for reimbursement is filed before award of compensation is made, or if insured, by the insurance carrier at the direction of the board, unless he shall file a waiver of reimbursement with the chairman, in which event compensation shall be paid to the claimant notwithstanding the advanced payments ”.
This language is not too clear, but as we construe it an employer is bound to file a claim for reimbursement before an award is made or else he cannot recover in any instance. In the event he files such a claim but is not insured he may be reimbursed out of unpaid installments of compensation due. If he is insured, then he is to be reimbursed by the insurance carrier at the direction of the board. Finally, under either contingéncy, he will not receive reimbursement from either an unpaid installment of compensation due, or from the insurance carrier at the direction of the board, if he files a waiver of reimbursement. The primary requisite however for reimbursement is to file a claim before an award is made, and this the employer here failed to do.
We agree, therefore, with the construction placed upon the statute by the board, hence the award and decision should be affirmed, without costs.